22190

Steven W. HAMM, Consumer Advocate for the State of South Carolina, Appellant, v. SOUTH CAROLINA PUBLIC SERVICE COMMISSION and South Carolina Electric and Gas Company, Respondents.

(323 S. E. (2d) 780)

Supreme Court

*Raymon E. Lark, Jr., Lee Jedziniak* and *Stephen W. Hamm, S. C. Dept. of Consumer Affairs,* Columbia, *for appellant.*

*Arthur G. Fusco* and *Sarena K. Dickerson of S. C. Public Service Com'n,* Columbia, *for respondent, S. C. Public Service Com'n.*

*William F. Austin* of *Austin & Lewis, Patricia T. Marcotsis* of *S. C. Electric & Gas Co.,* and *James B. Richardson* of *Ham and Richardson,* Columbia, *for respondent, S. C. Electric & Gas Co.*

Heard Oct. 2, 1984.

Decided Nov. 29, 1984.

CHANDLER, Justice:

These consolidated appeals are from Circuit Court Orders affirming Orders of Respondent Public Service Commission (PSC), which approved a method used by Respondent South

Carolina Electric & Gas Company (the Utility) to bill its customers for a rate increase.

We affirm.

■ This litigation arises from the use of a proration method by the Utility for implementing a rate increase, to be effective August 1, 1982. All parties agree that it was not feasible to read every customer's meter on that date, and to to do so would require the employment of an inordinate number of meter readers. Accordingly, the Utility employed a proration method by which a single team of meter readers would read approximately one-twentieth of the meters on each working day of the month.

The proration method operated so that a customer's bill would be computed at a combination of the old rates and the new, in proportion to the number of July days compared to August days in that particular customer's billing cycle.

Appellant contends that the proration method employed is unlawful, and that the only proper method of billing would be to give effect to the new rates only at the start of the next billing cycle.

Appellant's method denies to the Utility its legal right to implement the new rates as of August 1. Moreover, it would postpone the effective date of the new rates from August 1 to as late as September 1, making a different effective date for each group of customers. This would result in an arbitrary discrimination among customers depending upon the accident of the billing cycle. Section 58-27-840, Code of Laws of South Carolina, while not controlling here, expresses the legislative intent to avoid such discrimination.

Further, public utilities are required to bill their customers each day at the applicable rate, as filed under its rate schedule. S. C. Code Ann. § 58-27-830 (1976). Where two rates are in effect during one billing cycle, the charge assessed for power usage must encompass both. While this proration method is not perfect, it is more equitable, both as between the utility and its customers and as between customers, than that proposed by Appellant.

■ A billing method "need only be reasonable, not theoretically perfect." *Cities of Batavia, etc. v. Federal Energy Reg. Commission,* 672 F. (2d) 64 (D. C. Cir. 1982). We hold that the proration method is a reasonable method of billing.

Appellant also contends that the PSC has failed to comply with S. C. Code Ann. § 1-23-350 (1976 & Supp. 1983). This contention is without merit, as the facts are not in dispute. The sole issue here is the legality of the proration method in question.

Affirmed.

LITTLEJOHN, C. J., NESS and HARWELL, JJ., and LAWRENCE E. RICHTER, JR., as Acting Associate Justice, concur.